**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: October 23, 2019
Date Decided: October 24, 2019

David A. Jenkins, Esquire
Laurence V. Cronin, Esquire
Smith Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
Wilmington, DE 19899

Bruce E. Jameson, Esquire
Eric J. Juray, Esquire
Prickett, Jones & Elliott, P.A.
1310 North King Street
Wilmington, DE 19801

Re:    Neil Smith, et al. v. Promontory Financial Group, LLC, et al.
       Civil Action No. 11255-VCG

Dear Counsel:

This Letter Opinion addresses which Defendant, Promontory Financial Group, LLC ("Promontory") or Promontory Growth and Innovation, LLC ("PGI"), must pay Plaintiff Neil Smith the amount owed pursuant to my April 30, 2019 Memorandum Opinion.[1]  I reserved judgment on this question at Oral Argument on October 23, 2019.

The Letter of Intent ("LOI") requires that Smith receive "over a period not to exceed 5 years 50% of the then going business value of [PGI] minus [Smith's] services, the value to be decided between the parties at the time thereof."[2]  However,

---

[1] Mem. Op., D.I. 80.  This Letter Opinion relies on the facts adopted in the Memorandum Opinion.
[2] *Id*. at 6.

the LOI does not specify *who* must pay Smith.  The parties to the LOI were Smith and Eugene Ludwig, the founder and CEO of Promontory.  I find that Promontory, as the assignee of Ludwig, is responsible for this payment.

Promontory, rather the PGI, must pay under the plain language of the LOI.  Under general contract principles, "only a party to a contract may be sued for breach of that contract."[3]  However, "[w]hen interpreting a contract, the Court will give priority to the parties' intentions as reflected in the four corners of the agreement."[4]  The LOI specifies three events that trigger payment to Smith: death, incapacity or voluntary withdrawal.  In both the case of Smith's death or incapacity, the LOI explicitly made a non-party to the contract, PGI, liable for payment.  The LOI did not do so in the case of Smith's voluntary withdrawal.  In the absence of plain language shifting responsibility for payment upon Smith's voluntary withdrawal from Promontory to PGI, I find no justification to hold PGI, a non-party, responsible for such payment.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

---

[3] *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 172 (Del. 2002) (quoting *Wallace v. Wood*, 752 A.2d 1175, 1180 (Del. Ch. Oct. 12, 1999)).
[4] *GMG Capital Invs., LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 779 (Del. 2012) (quoting *Paul v. Deloitte & Touche, LLP*, 974 A.2d 140, 145 (Del. 2009)).

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III